### Damanski v. Southeastern Pennsylvania Transportation Authority

*Michael Shekmar*, for plaintiff.
*Eugene H. Evans*, for defendant.

REED, J., October 13, 1971.—After close of the pleadings, defendant filed a motion for summary judgment which is now before the court for disposition.

Initially plaintiff argues that defendant's motion should be for judgment on the pleadings (Pa.R.C.P. 1034), not for summary judgment (Pa.R.C.P. 1035). We agree, and applying Pa. R.C.P. 126 treat defendant's motion as brought under Rule 1034.

On motion for judgment on the pleadings all well pleaded allegations of the opposing party are accepted as true and all reasonable inferences therefrom drawn in his favor: Bata v. Central Penn National Bank of Philadelphia, 423 Pa. 373, 224 A.2d. 174.

On November 20, 1970, plaintiff's decedent-husband was a fare-paying passenger on one of defendant's buses, when near 52nd and Walnut Streets, Philadelphia, he was assaulted and thrown from the bus, receiving a fractured skull from which he died on November 21, 1970. Plaintiff, his surviving widow and administratrix of his estate, brought this suit on June 8, 1971, in trespass on two causes, one a wrongful death action, Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601, and the other a survival action, Act of April 18, 1949, P. L. 512, art. VI, §603, 20 PS §320.603.

Plaintiff did not comply with the notice mandate of Act of Assembly of August 14, 1963, P. L. 984, sec. 36, 66 PS §2036, which provides in pertinent part:

"*Within six months* from the date that any injury was received, or any cause of action accrued, *any person who is about to commence any civil action* . . . against the authority [SEPTA] for damages on account of any *injury to his person* shall file in the office of the secretary of the board, and also in the office of the chief counsel for the authority, either by himself, his agent, or attorney a statement in writing, signed by himself, his agent, or attorney giving the name and residence of the person to whom the cause of action has accrued, [and other pertinent data set forth in Act.] . . . If the notice provided for by this section is not filed as provided, any civil action commenced against the authority *more than six months after* the date of the injury, shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." (Italics supplied.)

The issue before us is whether or not this notice statute applies to plaintiff, widow-administratrix, who is within the class of persons embraced by both the Wrongful Death Statute, supra, and the Survival Action Statute, supra. These are actions which come into being only after the death of a person and for that person's widow or personal representative only.

The notice requirement of the Act of August 14, 1963, supra, quite clearly and in unequivocal language speaks only to a person about to commence an action for *injury to his person*. In this case the decedent was that person. Neither his widow nor personal representative have any injury to their persons, and furthermore they are not mentioned in the act, and we believe would have been if the legislature intended to include them and foreshorten the applicability of the respective acts, supra, under which they now sue. Obviously, also, this decedent died well before he had to give notice.

Plaintiff has also argued that the notice act was nevertheless substantially satisfied because defendant knew of the accident by other reports. In addition plaintiff argues that the Act of August 14, 1963, is unconstitutional because violative of Article 3, sec. 8 of the Constitution of Pennsylvania forbidding the legislature from fixing limitations for actions against corporations different from those for actions against natural persons.

In view of our decision these issues in this case are rendered moot.

## ORDER

And now, to wit, October 13, 1971, it is hereby ordered and decreed, that defendant's motion for summary judgment is denied.